UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

LARRY YOUNG,
    Plaintiff,

vs.                                                                                   03-1273

ROD BLAGOJEVICH, et al.,
    Defendants.

**CASE MANAGEMENT ORDER # 1**

    This cause is before the court for case management under Fed.R.Civ.P. 16. The plaintiff filed his complaint on August 20, 2003. On October 3, 2003, the court entered a deficiency order directing the plaintiff to provide the court with eight more copies of his complaint and service and summons forms for the defendants. On October 10, 2003, the court received service and summons forms for some of the defendants as well as some individuals who were not named as defendants. The plaintiff did not provide additional copies of his complaint.

    The plaintiff has taken no further action to comply with the deficiency order and his case has stalled. This plaintiff has an extensive history as a litigator. He has filed no less than sixteen cases since 1998 including: 98-1393, *Young v. Gilmore*; 98-1407. *Young v. Edgar;* 98-2258, *Young v. Stevens*; 98-00228, *Young v. Skidmore;* 98-5690, *Young v. Stenver;* 99-1157, *Young v. Dhupelia*; 99-1199, *Young v. Gilmore;* 99-1217, *Young v. Dhupelia*; 99-1232, *Young v. Gilmore*, 99-00224;01-1407, *Young v Schomig;* 02-1408, *Young v. Burger;* 02-1418 *Young v. Gruber;* 03-1273, *Young v. Blagojevich;* 03-1362, *Young v. Birkel;* 04-1260, *Young v. Ahkemeyer.* The court observes that the current lawsuit seems duplicative of another lawsuit the plaintiff currently has pending before this court. [1]

    In this case, the pro se plaintiff has filed pursuant to 42 U.S.C. §1983 claiming his constitutional rights were violated at Pontiac Correctional Center. The plaintiff has named seven defendants: Governor Rod Blagojevich; Director of Nursing Judy Ellinger; Assistant Warden Adella Jordan-Luster; Warden Stephen Mote; Medical Director Dr. Funk; Medical Technician Rusky Allen; and Illinois Department of Corrections Director Roger Walker.

    The plaintiff says he is a schizophrenic who has not received treatment for his broken arm. The plaintiff clearly is claiming that the defendants were deliberately indifferent to his serious medical needs. However, the plaintiff has provided no information that would indicate personal involvement by the named defendants

---

[1] 03-1262 *Young v. Birkel*, in which he claims he has been denied medical treatment for his arm and names five of the same seven defendants in the case before the court.

In addition, it is difficult to discern whether the plaintiff intends any other claims. He alleges that the grievance system is inadequate, that he has been harassed, and that somehow the medical co-payment system has covered up his denial of medical care. Again, the plaintiff provides no information to support a violation of his constitutional rights. Lastly, the plaintiff makes conclusory references to racial harassment, insufficient to establish a claim.

The court is concerned that many of the plaintiff's previous cases also claimed he was denied medical treatment for a broken arm. *See Young v.Gilmore,* 99-cv-1232; *Young v. Dhupelia,* 99-cv-1217; *Young v. Gilmore,*99-1199; *Young v. Dhupelia,* 99-cv 1157. The court has repeatedly considered this issue and reviewed medical records demonstrating that the plaintiff has received on going care.

Finally, the plaintiff has failed to mark the portion of the complaint concerning exhaustion of administrative remedies, but has attached grievances to his complaint. None establish that the plaintiff has fully exhausted his administrative remedies.

The complaint is clearly inadequate. The Federal Rules of Civil Procedure require that the plaintiff submit "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Seventh Circuit has consistently noted that "the essential function of a complaint under the civil rules...is to put the defendant on notice of the plaintiff's claim." Ross Brothers Construction Co., Inc, v. International Steel Services, Inc. 2002 WL 413172 at 4 (7th Cir. 2002) quoting Davis v. Ruby Foods, Inc., 269 F.3d 818, 820 (7th Cir. 2001). The complaint fails to provide this notice.

Because the plaintiff appears pro se and alleges he is schizophrenic, rather than dismiss the case court will require the plaintiff to respond to the following questions in an attempt to expedite this case, clarify the claims and prevent duplicate filing. The plaintiff must answer each of the following questions:

1) How did Defendant Rod Blagojevich fail to provide medical care for the plaintiff's broken arm? On what date or dates did this occur?

2) How did Defendant Judy Ellinger fail to provide medical care for the plaintiff's broken arm? On what date or dates did this occur?

3) How did Defendant Adella Jordan-Luster fail to provide medical care for the plaintiff's broken arm? On what date or dates did this occur?

4) How did Defendant Stephen Mote fail to provide medical care for the plaintiff's broken arm? On what date or dates did this occur?

5) How did Defendant Dr. Funk fail to provide medical care for the plaintiff's broken arm? On what date or dates did this occur?

6) How did Defendant Rusky Allen fail to provide medical care for the plaintiff's broken arm?   On what date or dates did this occur?

7) How did Defendant Roger Walker fail to provide medical care for the plaintiff's broken arm?  On what date or dates did this occur?

8) You have claimed that the defendants failed to provide medical care for your arm, but are you claiming that the defendants violated your constitutional rights in some other way? If so, please clearly state what happened, who was involved and what day it happened.

9) Did you file a grievance concerning the claims in your complaint?  If so, please state when you filed your grievance and when you appealed your grievance to the Administrative Review Board.

The plaintiff's response should be numbered from 1 to 9 with a specific answer to each of the nine questions.  In addition, the plaintiff's total response should be no longer than two pages. The plaintiff must provide specific information that answers the questions asked.  The plaintiff must provide this information to the court within 21 days of this order.

If the plaintiff fails to provide specific answers to the above questions within the 21 day time frame, his case may be dismissed in its entirety.

**IT IS THEREFORE ORDERED that:**

**1)   The pending complaint is stricken as a violation of Rule 8 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 8(a)(2).**

**2) In order to clarify the pro se plaintiff's claims and prevent duplicate filing, the plaintiff must answer the nine questions stated by the court.  The plaintiff's response must follow the specific directions outlined by the court and must be filed within 21 days of this order.  If the plaintiff fails to follow the court's direction or fails to meet this deadline, his case may be dismissed with prejudice.**

Entered this 26th day of May, 2005.

s\Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE