E-FILED
Monday, 13 June, 2005  01:28:43 PM
Clerk, U.S. District Court, ILCD

FILED
JUN 13 2005
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

LARRY YOUNG
  PLAINTIFF

VS

ROD BLAGOJEVICH
  Defendants

03-1273
To Clerk

## MOTION FOR A Preliminary Injunction

Now Comes The Plaintiff Larry Young disabled by "Schizophrenic" with "Broken Arm" Since 1991 In 1993 An Administrative Law Judge ("ALJ") who conducted a hearing and reviewed the evidence for the conditions. Plaintiff was receiving claim for Supplement Security Income ("SSI") benefits in 1994 and was held to be entitled to receive those benefits Medical documents demonstrate Ununited Fracture of the right ulna. AOM 2-19-92 Saint James Hospital 610 East Water St Pontiac IL 61764 didn't heal after surgery he cannot touch the back or cuff up from back in 1998 See; Larry Young v. K.A. Stevens No. 98-2258 (Order) The factual dispute is also material "Affidavit" by Ronald "C" Gruber is "Unprofessional" A Medical Records Director II Also Ronald Gruber Medical Records Supervisor at Pontiac Correctional

"ORAL ARUGMENT REQUESTED"

Center ("Pontiac") and have held this Position since 1979 Sworn to September 21 2001 Prevaricate, Falsity, lie Sworn in Case Harden V Blackwell et al No 99-1179 And Sworn to before July 12th 2001 Case No See Young v Sterven et al USDC-CD-IL-98-2258 As Medical Records Director II Ronald "C" Gruber An Assumed Name Testified "The Medical Records of August 12 1998 for Inmate Larry Young Showed No redness, Swelling or deformity to either of Inmate Young's Arms or Wrists" Regarding the Present illness in November 1998 in Pontiac Xray of The Forearm Still had a Nonunion Granting A Preliminary Injunction is The exception rather than the rule It is An extraordinary And drastic remedy which Should not be granted Unless The movant has clearly carried the burden of "Persuasion" in "Good Faith". State of Texas v. Seatrain International S.A. Also See, 518 F.2d 175, 179 (5th Cir 1975) See Also Cincinnati Bengals Inc v Bergey, 453 F.Supp. 129 (S.D Ohio 1974) "The decision About an injunction is one Addressed To the discretion of The Court Cincinnati Bengals, Supra. At 145 In Van Drivers Union Local No 392 v. Neal Moving & Storage, 551 F. Supp. 429 (N.D Ohio 1982) Judge Ann Aldrich of The United States District Court of The Northern District

of Ohio recognized the standard for issuing a preliminary injunction in this Circuit, as follows Plaintiff "must" demonstrate that it has a substantial likelihood of prevailing on the merits; that it will suffer irreparable injury if the relief is not granted; that there will be no substantial harm to others if the relief is granted; and that the public interest will be served by the issuance of the injunction. Moreover, a balancing of traditional equitable considerations is required rather than a mechanical application of the four-part test. When balancing these interests the primary prerequisites for the issuance of an injunction are (1) that Plaintiff's threatened injury be irreparable and (2) that public policy will not be offended by the issuance of the injunction. Id at 431 (citations omitted) See also Frisch's Restaurant, Inc. v. Shoney's Inc., 759 F.2d 1261, 1263 (6th Cir 1985); In Re DeLorean Motor Co. 755 F.2d 1223, 1228 (6th Cir 1985)

Plaintiff seek a preliminary injunction on numerous grounds. Specifically, plaintiff avers that it is entitled to preliminary injunctive relief under any of the following separate legal doctrines "damages for his suffering" and punitive damages for defendant's reckless disregard rights

① Plaintiffs' Right to relief to prevent a substantial risk of "serious" Broken Arm injuries from ripening into actual harm the subjective deliberate indifference left deform Disfigure, should be determined in Defendant's current attitudes and conduct Their attitudes an conduct at the time persisting

② Plaintiff' Right to relief Under Seeking an injunction on the ground that there is Continuance "coverup" assaulted an on going violation" excessive force "cruel an unusual Punishment"

③ Plaintiff Right to relief Based Upon Abuse of Access to Medical care interfered with Prescribed Treatment "Broken Arm" So Obviously Chest Pain "Tumor" an Abnormal and Functionless new growth arises from Uncontrolled vent in Air cause Pain, Punishment Place Around "Known Enemies" Sought Injunctive relief Transfer

④ Plaintiff Right to relief Based Upon The Defendant's unlawful interference "Mail" "Legal Mail" Access to Court ineffective Emergency grievance procedure A Pattern improper conduct Unauthorized based on due process in Health care Sick Call denied proper Medical Treatment for serious Medical Condition cause Punishment Pain

Respectfully Submitted

_[signature]_
Plaintiff Pro Se

## CERTIFICATE

I Larry Young Plaintiff hereby Certifies That he served a copy of foregoing Preliminary Motion For a Preliminary injunction Upon Lisa Madigan Attorney General Illinois 100 West Randolph St 12th Chicago Ill 60601

Larry Young #B01435
Pontiac Illinois 61764
Pontiac Correctional Center
P.O Box99 700 Lincoln St

Date 6-7-05

Notary Requested