E-FILED
Wednesday, 15 February, 2006  02:39:06 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

LARRY YOUNG,
    Plaintiff,

vs.        03-1273

ROD BLAGOJEVICH, et al.,
    Defendants.

**CASE MANAGEMENT ORDER # 3**

    This cause is before the court for case management and consideration of the plaintiff's motion for appointment of counsel [d/e 9] and motion for a preliminary injunction.[d/e 10]

MOTION FOR APPOINTMENT OF COUNSEL

    The plaintiff has filed a motion for appointment of counsel. [d/e 9] The motion is denied. The plaintiff in a civil rights action has no absolute right to counsel. See Merritt v. Faulkner, 697 F.2d 761, 763 (7th Cir. 1983). The decision to appoint counsel lies within the broad discretion of the court. Jackson v. County of McLean, 953 F.2d 1070, 1071 (7th Cir. 1992).

    In exercising its discretion, a district court is guided by several factors: (1) the merit of the indigent plaintiff's claims; (2) the plaintiff's ability to investigate crucial facts; (3) whether the nature of the evidence indicates that the truth will more likely be exposed if both sides are represented by counsel; (4) the capability of the indigent litigant to present the case; and (5) the complexity of the legal issues raised. Swofford v. Mandrell, 969 F.2d 547, 551 (7th Cir. 1992), relying on Merritt v. Faulkner, 697 F.2d 761, 764 (7th Cir. 1983); see also Maclin v. Freake, 650 F.2d 885, 887-89 (7th Cir. 1981) (inter alia). "[O]nly when the cases are colorable, the facts may be difficult to assemble, and the law is complex" will judges request an attorney to assist the litigant. DiAngelo v. Illinois Dept. of Public Aid, 891 F.2d 1260, 1262 (7th Cir. 1989). As an additional threshold consideration, a litigant seeking appointment of pro bono counsel must show that he has made a reasonable attempt to retain private counsel, or that he is effectively precluded from making such efforts. Jackson, 953 F.2d at 1072.

    It does not appear the plaintiff has made any attempt to retain counsel on his own. There is also no evidence before the court that the plaintiff is unable to represent himself or investigate the facts of this case. The plaintiff states that he is "schizophrenic," but does not elaborate on this claim. The plaintiff does not state who diagnosed the plaintiff as schizophrenic, when he was diagnosed or even if he has ever been diagnosed as schizophrenic.

    The plaintiff is also an experienced litigator. (See 98-1393, *Young v. Gilmore*; 98-1407. *Young v. Edgar;* 98-2258, *Young v. Stevens*; 98-00228, *Young v. Skidmore;* 98-5690, *Young v. Stenver;* 99-1157, *Young v. Dhupelia;* 99-1199, *Young v. Gilmore;* 99-1217, *Young v. Dhupelia*; 99-1232, *Young v. Gilmore*, 99-00224;01-1407, *Young v Schomig;* 02-1408, *Young v. Burger;* 02-1418 *Young v. Gruber;* 03-1273, *Young v. Blagojevich;* 03-1362, *Young v. Birkel;* 04-1260, *Young v, Ahkemeyer.)* The court is also not convinced of the merit of the plaintiff's claims. He appears to be attempting to litigate the

same claims made in many of his previous lawsuits.[1]

MOTION FOR PRELIMINARY INJUNCTION.

The plaintiff has filed a motion for a preliminary injunction. [d/e 10] The plaintiff is asking for care for his arm. He also says he suffers from chest pains. Lastly, he claims there is some kind of interference with his legal mail.

The purpose of a preliminary injunction is to preserve the status quo pending a final hearing on the merits of the case. American Hospital Ass'n v. Harris, 625 F.2d 1328, 1330 (7th Cir. 1980) The prerequisites to the granting of a preliminary injunction are well established. To support the issuance of a preliminary injunction, a plaintiff must demonstrate: (1) a reasonable likelihood of success on the merits; (2) the inadequacy of a remedy at law; (3) the existence of irreparable harm if the injunction is not issued; (4) the threat of harm to the plaintiff outweighs the threatened harm to the defendant if the injunction were issued; and (5) the granting of a preliminary injunction will not disserve the public interest. Somerset House, Inc. v. Turnock, 900 F.2d 1012, 1014-15 (7th Cir. 1990).

The plaintiff must satisfy each of these elements to prevail. Id. at 1015. "A preliminary injunction is an extraordinary remedy that is only granted where there is a clear showing of need." Cooper v. Salazar, 196 F.3d 809, 813 (7th Cir. 1999). The plaintiff has not met his burden.

The plaintiff has yet to clearly articulate his claims against the named defendants. His motion for preliminary injunction makes broad accusations without any evidence of a clear need for medical care. Vague accusations that plaintiff has not received care are not enough. The motion is denied.

PLAINTIFF'S ALLEGATIONS

The plaintiff filed this lawsuit pursuant to 42 U.S.C.§1983 claiming his constitutional rights were violated at Pontiac Correctional Center. The plaintiff named seven defendants including Governor Rod Blagojevich, Director of Nursing Judy Ellinger, Assistant Warden Adella Jordan-Luster, Warden Stephen Mote, Medical Director Dr. Funk, Medical Technician Rusky Allen and Illinois Department of Corrections Director Roger Walker.

On May 26, 2005, the court stuck the plaintiff's complaint as a violation of Rule 8 of the Federal Rules of Civil Procedure. *See* May 26, 2005 Court Order. The plaintiff was clearly claiming in his complaint that the defendants were deliberately indifferent to his medical needs when he was denied treatment for a broken arm. However, the plaintiff's complaint provided no information that would indicate personal involvement by any of the named defendants.

In addition, the court could not discern whether the plaintiff intended any other claims. He alleged that the grievance system was inadequate, that he had been harassed and that somehow the medical co-payment system had covered up his denial of medical care. However, the plaintiff provided no information in his complaint to allege a clear violation of his constitutional rights.

Lastly, the court noted that this lawsuit seems duplicative of another lawsuit the plaintiff had

---

[1] *See Young v.Gilmore,* 99-cv-1232; *Young v. Dhupelia,* 99-cv-1217; *Young v. Gilmore,* 99-1199; *Young v. Dhupelia,* 99-cv 1157 and *Young v. Birkel*, 03 cv 1362.

pending before the court.[2]  Therefore, the court provided the plaintiff with nine specific questions to answer to aid the court in deciphering the plaintiff's intended allegations.  For instance, the first question stated:

> How did Defendant Rod Blagojevich fail to provide medical care for the plaintiff's broken arm?  On what date or dates did this occur? *See* May 26, 2005 Court Order, p.2

The plaintiff was advised that he "must provide specific information that answers the questions asked." *Id*.

The plaintiff has filed two responses to this court order. [d/e 11, 12].  Both responses fail to follow the court's specific guidelines and do not provide any further notice of the plaintiff's intended claims.  The plaintiff continues to make broad accusations without any supporting information or dates to put the defendants on notice of an intended claim.  For instance, in response to the first question about Defendant Blagojevich, the plaintiff responded:

> Personally responsible, knew with a deliberate reckless disregard of plaintiff's serous broken arm causing the constitutional deprivation occurs at his direction with his knowledge and consent to agreement. (Plain. Resp, p. 2)

The court has provided plaintiff with ample opportunity to state his intended claims, and the plaintiff has failed to follow the court's specific instructions.   In addition, the plaintiff has recently filed a similar lawsuit against five of the seven defendants named in this lawsuit. In *Young v. Birkel*, 03 cv 1362, the plaintiff made several allegations including that he was denied medical treatment for his broken arm.  The defendants provided evidence that the plaintiff was repeatedly seen and treated by medical staff and provided X-ray reports showing the plaintiff's arm had properly healed. *See Young v. Birkel*, 03 cv 1362, February 10, 2006 Court Order.

The court notes that many of the plaintiff's previous cases also claimed he was denied medical treatment for a broken arm. *See Young v.Gilmore,* 99-cv-1232; *Young v. Dhupelia,* 99-cv-1217; *Young v. Gilmore,*99-1199; *Young v. Dhupelia,* 99-cv 1157.   The court has repeatedly considered this issue and reviewed medical records demonstrating that the plaintiff has received on going care.

The plaintiff's case is dismissed for failure to state a claim upon which relief can be granted and for failure to follow the court's clear direction and provide adequate notice of his claims as  required by Rule 8 of the Federal Rules of Civil Procedure. *See* 28 U.S.C. §1915A, Fed. R. Civ. P. 8.  In addition, it appears the plaintiff is attempting to re-litigate claims he has already brought repeatedly before this court.

**IT IS THEREFORE ORDERED that:**

**1) The plaintiff's motion for appointment of counsel is denied. [d/e 9]**

**2) The plaintiff's motion for a temporary restraining order is denied. [d/e 10]**

**3) The case is dismissed in its entirety pursuant to 28 U.S.C. §1915A and Rule 8 of the**

---

[2]*See Young v. Birkel*, 03 cv 1362

**Federal Rules of Civil Procedure. In addition, the plaintiff has also failed to follow a court order directing him to answer specific questions about his intended claims. The case is terminated without prejudice. The parties are to bear their own costs.**

**4) The plaintiff must still pay the full docketing fee of $150.00 even though his case has been dismissed. The agency having custody of the Plaintiff is directed to remit the docketing fee of $150.00 from the plaintiff's prison trust fund account if such funds are available. If the plaintiff does not have $150.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory fee of $150.00 is paid in its entirety. The filing fee collected shall not exceed the statutory filing fee of $150.00.**

**5) The plaintiff is ordered to notify the clerk of the court of a change of address and phone number within seven days of such change.**

**6) The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.**

**7) The dismissal counts as a strike against the Plaintiff under the "three strikes" provision of 28 U.S.C. 1915(g). The clerk is directed to record the strike against the plaintiff**.

**8) The plaintiff is advised that his has now accumulated more than "three strikes" and may not file any future motions to proceed in forma pauperis without meeting the requirements of 28 U.S.C. 1915(g).**

Entered this 15th day of February, 2006.

**s\Harold A. Baker**

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE