United States District Court
Central District of Illinois

Larry Young
    Plaintiff
        vs
Rod R. Blagojevich; RN Judy Ellinger;
Adella Jordan-Luster; Stephen D. Mote;
Dr Funk; Rusky J Allen; Roger Walker
        Defendants

FEB 2 7 2006
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

E-FILED
Monday, 27 February, 2006 03:55:46 PM
Clerk, U.S. District Court, ILCD

03-1273

## Motion For Reconsideration

Now Come Plaintiff Larry Young who had been disabled by Schizophrenic with "Broken Arm" by Defendants Since 1991 In 1993 an Administrative Law Judge "ALJ" who conducted a hearing and reviewed the evidence found serious mental and physical impairment which would remand return a case for further action The "ALJ's granted benefits for Supplemental Security Income "SSI" reconsider Plaintiff Larry Young Ununited Fracture of the right Ulna in 1991 by Defendants Medical documents demonstrate Plaintiff is making is for the violation of the Eighth Amendment, that is denial of medical proper treatment for

A "Serious" Broken Arm ununited fracture of the right ulna Medical Condition, deliberately and for the purpose of causing punishment and pain "Broken Arm" allegedly suffered by prison inmate created "Serious Medical Need", deliberate indifference to which would violate inmate's rights Federal Rules of Civil Procedure, rather than Illinois Code of Civil Procedure, governed Action. SHA 735 ILCS 5/2-622 The Plaintiff incapable had filed a Motion for Appointment of Counsel [dle 9] the Court Conspired to deprive him of access for Appointment of Counsel in retaliation for filing an incapable unexperienced litigator See 98 "improper" case citing Young V. Stevens 98-00228, See 03-1273 Young v Blagojevich et al. Cover up the coverup by court improperly convinced of the merit of the Plaintiff's claims, Plaintiff properly attempt to litigate lawsuits reconsider "merit" SEE ALSO Cooper V. A. Sargenti Co., Inc., 877 F.2d 170 173 (2d Cir 1989) Each of those factors weighs in favor of appointing counsel in this case By 1993 a psychiatrist had diagnosed L. Young's legally Schizophrenic The regulations governing medical evidence of

IMPAIRMENT Herniated FRACTURE of the right Ulna 20 C.F.R. § 404.1513(a) State that licensed or certified physicians, orthopedic or psychologists ARE Acceptable Medical Sources The Court An Two or More District Courts and Defendants "Conspired" entered An Agreement For The Purpose of depriving, ether directly or indirectly This 50 year old black MALE of the "equal protection" regarding his Ununited FRACTURE of the right Ulna A "Serious" impairment which Meet The Section 12.06 "Listing" Criteria of Impairments 20 C.F.R. § 404.1511 Larry Young diagnosed Schizophrenic is a Severe Mental Impairment 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 # SSN is Unable To Recieved Proper Medical Treatment by Qualifies Orthopedic Certified Physicians The regulations Governing Medical evidence deprived him of exercising Any right or privilege of A Citizen of The United States Griffin V Breckenridge 403 U.S. 88, 102-103 (1971) The Court Show Some Racial Racially Class based in The discriminatory Animus behind the Court And defendants Action See Also Majeske V Fraternal Order of Police, 94 3d 307 311 (7th Cir. 1996) United Brotherhood of Carpenters And Joiners V. Scott

463 US 325 (1983) A "Conspiracy" in Court noted that this lawsuit supported by duplicative facts suggesting a "meeting of the minds" between two or more district courts and defendants for the purpose cause pain and punishment See Trautvetter v Quick 916 F2d 1140, 1153 (7th Cir 1990) Inferences for proper Medical Treatment See Young v Gilmore, 99 cv 1232; Young v. Dhupelia 99 cv-1217; Young v Gilmore 99-1199; 98-2258 Young v Steven 98-2258 Young v Dhupelia, 98-2258 is reason deprived him of exercising any right Young v Dhupelia, 99 cv 1157 and Young v Birkel 03-1362 The Court also weighed the conflicting evidence of "NO EXPERT" Unutited Fracture of the right ulna as a result of Defendants behavior which is the product of the Court Action encouragement and direction of their Superiors or as a result of the Superiors mere Acquiescence in such "behavior" A Cover-up Assault in 1991 of the TRUE True Facts Assaulted "Conspiracy" which resulted in the Court decision ORDER Young v Birkel etal 03-1362 enter 10th day of February 2006 Also Young v. Rod R Blasojevich etal 03-1273 enter this 15th day of February 2006

Furthermore there unsupported episode must be viewed against the background of Defendant Judge Ellinger Director of Nursing in 1991 coverup reconsider Actually "Clearly be Shown" on the record That The respective conduct of Funk and Ellinger BAKER, Obstructed The district Judge in the performance of "Judicial duty" Cause Honorable Judge HAROLD A BAKER to reach The "Breaking Point" of his patience and forbearance. Interference with See ORDER YOUNG v Birkel etal 03-1362 February 9 2006 Plaintiff's responses to each of A, B, C. Questions to each of these questions must be provided to The Court on or before "February 22 2006" if The Plaintiff fails to provide these responses his case may be dismissed. The reconsider Obstruction in The Administration of Justice" Parmelee Transp Co, v. Keeshin 294 F.2d 310, 319 (7th Cir 1961) instructed The defendants "must" File a well documented "Motion For Summary Judgement on or before MARCH 13 2006 Concerning Such Agreement See ORDER YOUNG v Birkel etal 03-1362 Also reconsider Case Management Order YOUNG v Judy Ellinger etal 03-1273

Respectfully Submitted

E-FILED
Thursday, 09 February, 2006 02:04:39 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

LARRY YOUNG,
    Plaintiff,

vs.                                                          03-1362

JOHN BIRKEL, et al.
    Defendants.

## ORDER

    This cause is before the court for consideration of the pending motions including: the plaintiff's motion for a preliminary injunction [d/e 60]; the plaintiff's motion for leave to appeal in forma pauperis [d/e 103]; the plaintiff's motion for a court order [d/e 112]; and Defendant Walker, Jordan-Luster, Birkel and Hile's motion to compel. [d/e 116].

### MOTION FOR PRELIMINARY INJUNCTION

    The plaintiff has filed a motion for preliminary injunction stating that the defendants have failed to provide him with an orthopedic specialist for his arm or a cardiac specialist for his chest pain. To support the issuance of a preliminary injunction, a plaintiff must demonstrate: (1) a reasonable likelihood of success on the merits; (2) the inadequacy of a remedy at law; (3) the existence of irreparable harm if the injunction is not issued; (4) the threat of harm to the plaintiff outweighs the threatened harm to the defendant if the injunction were issued; and (5) the granting of a preliminary injunction will not disserve the public interest. Somerset House, Inc. v. Turnock, 900 F.2d 1012, 1014-15 (7th Cir. 1990). The plaintiff must satisfy each of these elements to prevail. Id. at 1015

    The purpose of a preliminary injunction is to preserve the status quo pending a final hearing on the merits of the case. American Hospital Ass'n v. Harris, 625 F.2d 1328, 1330 (7th Cir. 1980) "A preliminary injunction is an extraordinary remedy that is only granted where there is a clear showing of need." Cooper v. Salazar, 196 F.3d 809, 813 (7th Cir. 1999).

    The plaintiff has failed to meet his burden. The plaintiff does not claim that he is denied medical care. He claims he is not receiving medical care from specialists. The plaintiff does not have a right to be examined by specific doctors. Forbes v. Edgar, 112 F.3d 262, 266(7th Cir. 1997) In addition, the plaintiff has not clearly demonstrated that he needs any additional medical treatment. The motion is denied. [d/e 60]

### MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

    The plaintiff has filed a motion for leave to proceed in forma pauperis on appeal. The plaintiff is apparently appealing the court's October 12, 2005 order in which the court simply stated that pursuant to the mandate of the United States Appellate Court for the Seventh Circuit, the plaintiff must pay the $255 appellate filing fee. See October 12, 2005 Order. This is not a proper appeal. In addition, the plaintiff is barred from proceeding in forma pauperis pursuant to §1915(g). The motion is denied.

MOTION FOR A COURT ORDER

The plaintiff has filed a motion asking the court to issue a subpoena for his medical records. [d/e 112]. A subpoena should not be necessary for the plaintiff to obtain his own medical records. The motion is denied. Nonetheless, the defendants must inform the court whether the plaintiff has asked for permission to view his medical records or for copies of his medical records. In addition, the defendants must state whether the plaintiff has been provided access to his own medical records or copies of his records. And if he was allowed either, the defendants should state when this occurred. This information should be provided to the court within fourteen days of this order.

MOTION TO COMPEL

Defendants Walker, Jordan-Luster, Birkel and Hile have filed a motion to compel discovery from the plaintiff. The defendants state that they served the plaintiff with interrogatories on September 27, 2005. The plaintiff objected that the interrogatories did not include a time frame. The defendants agreed that this was a proper objection and limited the time frame from November of 2001 to the present. The plaintiff has still failed to respond.

The surviving claims against these defendants include:

1) Medical Technician Birkel refused to place the plaintiff on sick call when he informed the plaintiff that he was in pain and needed treatment. Plaintiff alleges this occurred on more than one occasion.
2) Assistant Warden Jordan-Luster ignored requests from the plaintiff to be placed on sick call.
3) Defendants Walker and Hile were informed the plaintiff was not receiving medical care and took no action.

The defendants will not be able to respond to these claims without knowing what dates the plaintiff claims he asked for medical care and was ignored by the defendants. Therefore, the defendants motion is granted in part. The court will order the plaintiff to provide this information. However, since the plaintiff is proceeding pro se, the court will provide simplified questions for the plaintiff to answer. The plaintiff must provide answers to the court's proposed questions on or before February 22, 2006 or his case will be dismissed.

**IT IS THEREFORE ORDERED that:**

**1) The plaintiff's motion for preliminary injunction is denied. [d/e 60]**

**2) The plaintiff's motion for leave to proceed in forma pauperis on appeal is denied. [d/e 103] The clerk is directed to submit a copy of this order to the United States Court of Appeals for the Seventh Circuit.**

**3) The plaintiff's motion for a court order is denied. [d/e 112]**

**4) Defendants Walker, Jordan-Luster, Birkel and Hile's from the Illinois Department of Corrections shall inform the court whether the plaintiff has**

requested permission to view or copy his medical records. If so, the defendants must state whether this request was granted and when it was granted. This information must be provided to the court within fourteen [14] days of this order.

5) Defendants Walker, Jordan-Luster, Birkel and Hile's motion to compel is granted in part and denied in part. [d/e 116] The plaintiff must provide specific responses to the questions stated below:

A) State the days and times you requested that Defendant Birkel put you on sick call between November of 2001 to November of 2003. State what you told Defendant Birkel about your medical condition on each occasion and how you told Defendant Birkel about your condition. For example, did you tell him in person or in writing? If you notified Birkel in writing and have a copy of this document, please provide a copy. Also state what response you received, if any, from Defendant Birkel on each occasion.

B) State the days and times you told Defendant Jordan-Luster that you needed to be placed on sick call between November of 2001 and November of 2003. State what you told Defendant Jordan- Luster about your medical condition on each occasion and how you told Defendant Jordan-Luster about your condition. For example, did you tell her in person or in writing? If you notified Jordan-Luster in writing and have a copy of this document, please provide a copy. Also state what response you received, if any, from Defendant Jordan-Luster.

C) State the days and times you told Defendants Walker and Hile between November of 2001 and November of 2003 that you were not receiving medical care. State what you told these defendants on each occasion and how you told the defendants about the lack of medical care. For example, did you tell the defendants in person or in writing? If you notified the defendants in writing and have a copy of this document, please provide a copy. Also state what response you received, if any, from the defendants on each occasion.

<u>Plaintiff's responses to each of these questions must be provided to the court on or before February 22, 2006. If the plaintiff fails to provide these responses, his case may be dismissed.</u>

6) The defendants must file a well-documented motion for summary judgement on or before March 13, 2006.

Enter this 9th day of February, 2006.

                         s\Harold A. Baker
                        _____
                         HAROLD A. BAKER
                        UNITED STATES DISTRICT JUDGE

**E-FILED**
Wednesday, 15 February, 2006 02:39:06 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

LARRY YOUNG,
　　Plaintiff,

vs.　　　　　　　　　　　　　　　　　　　03-1273

ROD BLAGOJEVICH, et al.,
　　Defendants.

**CASE MANAGEMENT ORDER # 3**

　　This cause is before the court for case management and consideration of the plaintiff's motion for appointment of counsel [d/e 9] and motion for a preliminary injunction.[d/e 10]

### MOTION FOR APPOINTMENT OF COUNSEL

　　The plaintiff has filed a motion for appointment of counsel. [d/e 9] The motion is denied. The plaintiff in a civil rights action has no absolute right to counsel. See Merritt v. Faulkner, 697 F.2d 761, 763 (7th Cir. 1983). The decision to appoint counsel lies within the broad discretion of the court. Jackson v. County of McLean, 953 F.2d 1070, 1071 (7th Cir. 1992).

　　In exercising its discretion, a district court is guided by several factors: (1) the merit of the indigent plaintiff's claims; (2) the plaintiff's ability to investigate crucial facts; (3) whether the nature of the evidence indicates that the truth will more likely be exposed if both sides are represented by counsel; (4) the capability of the indigent litigant to present the case; and (5) the complexity of the legal issues raised. Swofford v. Mandrell, 969 F.2d 547, 551 (7th Cir. 1992), relying on Merritt v. Faulkner, 697 F.2d 761, 764 (7th Cir. 1983); see also Maclin v. Freake, 650 F.2d 885, 887-89 (7th Cir. 1981) (inter alia). "[O]nly when the cases are colorable, the facts may be difficult to assemble, and the law is complex" will judges request an attorney to assist the litigant. DiAngelo v. Illinois Dept. of Public Aid, 891 F.2d 1260, 1262 (7th Cir. 1989). As an additional threshold consideration, a litigant seeking appointment of pro bono counsel must show that he has made a reasonable attempt to retain private counsel, or that he is effectively precluded from making such efforts. Jackson, 953 F.2d at 1072.

　　It does not appear the plaintiff has made any attempt to retain counsel on his own. There is also no evidence before the court that the plaintiff is unable to represent himself or investigate the facts of this case. The plaintiff states that he is "schizophrenic," but does not elaborate on this claim. The plaintiff does not state who diagnosed the plaintiff as schizophrenic, when he was diagnosed or even if he has ever been diagnosed as schizophrenic.

　　The plaintiff is also an experienced litigator. (See 98-1393, Young v. Gilmore; 98-1407. Young v. Edgar; 98-2258, Young v. Stevens; 98-00228, Young v. Skidmore; 98-5690, Young v. Stenver; 99-1157, Young v. Dhupelia; 99-1199, Young v. Gilmore; 99-1217, Young v. Dhupelia; 99-1232, Young v. Gilmore, 99-00224;01-1407, Young v Schomig; 02-1408, Young v. Burger; 02-1418 Young v. Gruber; 03-1273, Young v. Blagojevich; 03-1362, Young v. Birkel; 04-1260, Young v, Ahkemeyer.) The court is also not convinced of the merit of the plaintiff's claims. He appears to be attempting to litigate the

1

same claims made in many of his previous lawsuits.[1]

## MOTION FOR PRELIMINARY INJUNCTION.

The plaintiff has filed a motion for a preliminary injunction. [d/e 10] The plaintiff is asking for care for his arm. He also says he suffers from chest pains. Lastly, he claims there is some kind of interference with his legal mail.

The purpose of a preliminary injunction is to preserve the status quo pending a final hearing on the merits of the case. American Hospital Ass'n v. Harris, 625 F.2d 1328, 1330 (7th Cir. 1980) The prerequisites to the granting of a preliminary injunction are well established. To support the issuance of a preliminary injunction, a plaintiff must demonstrate: (1) a reasonable likelihood of success on the merits; (2) the inadequacy of a remedy at law; (3) the existence of irreparable harm if the injunction is not issued; (4) the threat of harm to the plaintiff outweighs the threatened harm to the defendant if the injunction were issued; and (5) the granting of a preliminary injunction will not disserve the public interest. Somerset House, Inc. v. Turnock, 900 F.2d 1012, 1014-15 (7th Cir. 1990).

The plaintiff must satisfy each of these elements to prevail. Id. at 1015. "A preliminary injunction is an extraordinary remedy that is only granted where there is a clear showing of need." Cooper v. Salazar, 196 F.3d 809, 813 (7th Cir. 1999). The plaintiff has not met his burden.

The plaintiff has yet to clearly articulate his claims against the named defendants. His motion for preliminary injunction makes broad accusations without any evidence of a clear need for medical care. Vague accusations that plaintiff has not received care are not enough. The motion is denied.

## PLAINTIFF'S ALLEGATIONS

The plaintiff filed this lawsuit pursuant to 42 U.S.C.§1983 claiming his constitutional rights were violated at Pontiac Correctional Center. The plaintiff named seven defendants including Governor Rod Blagojevich, Director of Nursing Judy Ellinger, Assistant Warden Adella Jordan-Luster, Warden Stephen Mote, Medical Director Dr. Funk, Medical Technician Rusky Allen and Illinois Department of Corrections Director Roger Walker.

On May 26, 2005, the court stuck the plaintiff's complaint as a violation of Rule 8 of the Federal Rules of Civil Procedure. *See* May 26, 2005 Court Order. The plaintiff was clearly claiming in his complaint that the defendants were deliberately indifferent to his medical needs when he was denied treatment for a broken arm. However, the plaintiff's complaint provided no information that would indicate personal involvement by any of the named defendants.

In addition, the court could not discern whether the plaintiff intended any other claims. He alleged that the grievance system was inadequate, that he had been harassed and that somehow the medical co-payment system had covered up his denial of medical care. However, the plaintiff provided no information in his complaint to allege a clear violation of his constitutional rights.

Lastly, the court noted that this lawsuit seems duplicative of another lawsuit the plaintiff had

---

[1]*See Young v. Gilmore,* 99-cv-1232; *Young v. Dhupelia,* 99-cv-1217; *Young v. Gilmore,* 99-1199; *Young v. Dhupelia,* 99-cv 1157 and *Young v. Birkel,* 03 cv 1362.

2

pending before the court.² Therefore, the court provided the plaintiff with nine specific questions to answer to aid the court in deciphering the plaintiff's intended allegations. For instance, the first question stated:

> How did Defendant Rod Blagojevich fail to provide medical care for the plaintiff's broken arm? On what date or dates did this occur? *See* May 26, 2005 Court Order, p.2

The plaintiff was advised that he "must provide specific information that answers the questions asked." *Id.*

The plaintiff has filed two responses to this court order. [d/e 11, 12]. Both responses fail to follow the court's specific guidelines and do not provide any further notice of the plaintiff's intended claims. The plaintiff continues to make broad accusations without any supporting information or dates to put the defendants on notice of an intended claim. For instance, in response to the first question about Defendant Blagojevich, the plaintiff responded:

> Personally responsible, knew with a deliberate reckless disregard of plaintiff's serous broken arm causing the constitutional deprivation occurs at his direction with his knowledge and consent to agreement. (Plain. Resp, p. 2)

The court has provided plaintiff with ample opportunity to state his intended claims, and the plaintiff has failed to follow the court's specific instructions. In addition, the plaintiff has recently filed a similar lawsuit against five of the seven defendants named in this lawsuit. In *Young v. Birkel*, 03 cv 1362, the plaintiff made several allegations including that he was denied medical treatment for his broken arm. The defendants provided evidence that the plaintiff was repeatedly seen and treated by medical staff and provided X-ray reports showing the plaintiff's arm had properly healed. *See Young v. Birkel*, 03 cv 1362, February 10, 2006 Court Order.

The court notes that many of the plaintiff's previous cases also claimed he was denied medical treatment for a broken arm. *See Young v. Gilmore,* 99-cv-1232; *Young v. Dhupelia,* 99-cv-1217; *Young v. Gilmore,*99-1199; *Young v. Dhupelia,* 99-cv 1157. The court has repeatedly considered this issue and reviewed medical records demonstrating that the plaintiff has received on going care.

The plaintiff's case is dismissed for failure to state a claim upon which relief can be granted and for failure to follow the court's clear direction and provide adequate notice of his claims as required by Rule 8 of the Federal Rules of Civil Procedure. *See* 28 U.S.C. §1915A, Fed. R. Civ. P. 8. In addition, it appears the plaintiff is attempting to re-litigate claims he has already brought repeatedly before this court.

**IT IS THEREFORE ORDERED that:**

**1) The plaintiff's motion for appointment of counsel is denied. [d/e 9]**

**2) The plaintiff's motion for a temporary restraining order is denied. [d/e 10]**

**3) The case is dismissed in its entirety pursuant to 28 U.S.C. §1915A and Rule 8 of the**

---

²*See Young v. Birkel*, 03 cv 1362

3

Federal Rules of Civil Procedure. In addition, the plaintiff has also failed to follow a court order directing him to answer specific questions about his intended claims. The case is terminated without prejudice. The parties are to bear their own costs.

4) The plaintiff must still pay the full docketing fee of $150.00 even though his case has been dismissed. The agency having custody of the Plaintiff is directed to remit the docketing fee of $150.00 from the plaintiff's prison trust fund account if such funds are available. If the plaintiff does not have $150.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory fee of $150.00 is paid in its entirety. The filing fee collected shall not exceed the statutory filing fee of $150.00.

5) The plaintiff is ordered to notify the clerk of the court of a change of address and phone number within seven days of such change.

6) The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.

7) The dismissal counts as a strike against the Plaintiff under the "three strikes" provision of 28 U.S.C. 1915(g). The clerk is directed to record the strike against the plaintiff.

8) The plaintiff is advised that his has now accumulated more than "three strikes" and may not file any future motions to proceed in forma pauperis without meeting the requirements of 28 U.S.C. 1915(g).

Entered this 15th day of February, 2006.

s\Harold A. Baker

---

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE

5

**E-FILED**
Friday, 10 February, 2006  11:42:11 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

LARRY YOUNG,
Plaintiff,

vs.                                                      03-1362

JOHN BIRKEL, et al.
Defendants.

### ORDER

This cause is before the court for consideration of the pending motions for summary judgement including: the plaintiff's motion for partial summary judgement [d/e 106], Defendant Ellinger and Funk's motion for summary judgement [d/e 114] and the plaintiff's motion for cross summary judgment. [d/e 118].

The plaintiff's two motions for summary judgement are not proper motions. In both, the plaintiff addresses claims and issues that are not before the court in this case. In his motion for partial summary judgement, the plaintiff makes reference to a due process claim that is not before this court. The motion also contains no medical evidence to back his claims that the defendants were deliberately indifferent to a serious medical condition. In his cross motion for summary judgement, the plaintiff again makes reference to several conspiracy claims that are not before this court. He also makes reference to individuals who are not defendants in this case. The court will deny the plaintiff's motion for partial summary judgement. [d/e 106]. In addition, the plaintiff's motion for cross summary judgement is not a proper motion for summary judgement and will be denied. [d/e 118]. However, the court will consider the document in response to the defendants' motion for summary judgement.

### BACKGROUND

The plaintiff has filed this lawsuit pursuant to 42 U.S.C. §1983. The plaintiff has alleged that the following defendants were deliberately indifferent to the plaintiff's serious medical needs
in violation of the Eighth Amendment:

   a) Medical Technician John Birkel refused to place the plaintiff on the sick call list when he informed the defendant that he was in pain on different occasions.

   b) Defendant Nurse Judy Ellinger and Assistant Warden Adella Jordan Luster ignored request from the plaintiff to be placed on sick call.

   c) Defendants Roger Walker and Sherry Hile were informed that the plaintiff was not receiving medical care and took no action.

   d) Defendant Dr. Arthur Funk refused a prescribed arm brace in 2001, refused to provide additional surgery for the plaintiff's arm, denied the plaintiff treatment for cuts he

suffered during a May 20, 2002 altercation and denied treatment to the plaintiff for his hip and back after he fell on the ice.

All claims are against the defendants in their individual capacities. Defendants Ellinger and Funk have filed a motion for summary judgement. [d/e114]

## FACTS

The plaintiff was an inmate at the Pontiac Correctional Center at all times relevant to this lawsuit. In 1999, the plaintiff suffered a broken right arm. Much of the plaintiff's complaint centers on his claim that his arm did not heal properly and he has been denied follow-up treatment.

However, the Medical Director at Pontiac Correctional Center, Defendant Dr. Arthur Funk, states that the plaintiff's arm has completely healed. Dr. Funk states that X-ray reports from April 15, 2000, show that the arm has completely healed. The defendant has attached radiological reports from April 15, 2000; October 11, 2000; June 22, 2001; July 17, 2002 and February 27, 2004 which confirm the doctor's claim. (Def. Memo, Ex. A, B, C, D, E)

Dr. Funk says on March 30, 2003, the plaintiff complained of continued pain in his right arm. He was examined and was able to move his arm with no problem or signs of stress. In addition, he had a strong grip in both hands. (Def. Memo., Funk Aff, p. 2, Ex. F) The continued examinations of the plaintiff have revealed no need for any additional surgery nor for an arm brace. The medical staff has repeatedly responded to the plaintiff's claims of pain with pain relievers such as Tylenol and Motrin. (Def. Memo, Funk Aff., Ex. F, G)

The plaintiff further claims that his arm was re-injured during an altercation on May 20, 2002. Dr. Funk says he was not directly involved in the care provided to the plaintiff after this incident, but he has reviewed the plaintiff's medical records. Dr. Funks says he agrees with the care and treatment provided and states that none of the conditions complained of by the plaintiff constituted a serious medical need in his opinion. The defendant has submitted medical records which show the plaintiff was seen by medical staff on 14 occasions between May 28, 2002 and July 12, 2002

Defendant Judy Ellinger is the Director of Nursing at Pontiac Correctional Center. The plaintiff claims that Ellinger ignored his request for medical care on March 26, 2003. The defendant says she has received numerous requests from the plaintiff concerning medical care including a letter received on March 26, 2003 asking for sick call due to pain in his arm. The defendant says in response to the letter, she reviewed his medical chart to see if he was getting care. She then responded in writing to the plaintiff. (Def. Memo., Ellinger Aff., p. 1-2)

Defendant Ellinger has provided a copy of the letter sent by the plaintiff and her response. The defendant's response states that the plaintiff has not been denied care for his arm and was in fact seen on February 10, 13, 19 and 28 of 2003 and again on March 5, 8 and 11 of 2003. At no time did plaintiff tell medical staff about pain in his arm on these visits. The plaintiff was also reminded that he must complete a Medical Request Form and send it to the

Health Care Unit if we wished for any additional care. (Def. Memo., Ellinger Aff., Ex.A, B)

Defendant Ellinger adds that her job duties do not include providing direct care to inmates.

## LEGAL STANDARD

The entry of summary judgment is proper only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56©). A "material fact" is one that "might affect the outcome of the suit." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the nonmoving party. Id.

A party moving for summary judgment initially has the burden of showing the absence of any genuine issue of material fact in evidence of record. Adickes v. S.H. Kress & Co., 398 U.S. 144, 153 (1970); Schroeder v. Barth, Inc., 969 F.2d 421, 423 (7th Cir. 1992). A nonmoving party cannot rest on its pleadings, but must demonstrate that there is admissible evidence that will support its position. Tolle v. Carroll Touch, Inc., 23 F.3d 174, 178 (7th Cir. 1994). "Summary judgement is not a discretionary remedy. If the plaintiff lacks enough evidence, summary judgement must be granted." Jones v. Johnson, 26 F.3d 727, 728 (7th Cir. 1994).

## ANALYSIS

The defendants argue that the plaintiff has failed to show they violated his Eighth Amendment rights. The plaintiff must satisfy a two-prong test in order to establish that the defendant was deliberately indifferent to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). The plaintiff must first demonstrate that the medical need alleged is objectively serious. Zentmyer v. Kendall Co., 2000 WL 760690, at 4 (7th Cir. 2000). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Guitierrez, 111 F.3d at 1373; quoting Laaman v. Helgemoe, 437 F. Supp. 269, 311 (D.N.H. 1977).

Second, the plaintiff must demonstrate that the defendant was deliberately indifferent to the plaintiff's health and safety. Zentmyer 2000 WL 760690 at 4. "[A] finding of deliberate indifference requires evidence that the official was aware of the risk and consciously disregarded it nonetheless." Mathis v. Fairman, 120 F.3d 88, 91 (7th Cir. 1997)(citing Farmer at 840-42).

Inadequate medical treatment due to negligence or differences in opinion between an inmate and medical staff do not rise to the level of an Eighth Amendment violation. Hughes v. Joliet Correctional Center, 931 F.2d 425, 428 (7th Cir. 1991); Snipes v. Detella, 95 F.3d 586, 591 (1996). In addition, inmates are not entitled to a specific type of treatment, or even the best care, only reasonable measures to prevent a substantial risk of serious harm. Forbes v. Edgar, 112 F.3d, 262, 267 (7th Cir. 1997).

It is somewhat doubtful the plaintiff could establish that he suffered from a serious

medical condition. However, he has clearly failed to present any evidence that either defendant was deliberately indifferent to his medical care. Defendant Ellinger is not responsible for providing medical care, but did respond to the plaintiff's inquiry about care for his arm. She discovered his medical charts showed he had received repeated care. In addition, Defendant Funk and the medical staff repeatedly examined and treated the plaintiff. The fact that the plaintiff disagrees with his treatment does not state a violation of his constitutional rights. There is simply no evidence before the court that the plaintiff was denied medical care. The defendants' motion for summary judgement is granted.

**IT IS THEREFORE ORDERED that:**

**1) Plaintiff's motion for partial summary judgement and cross summary judgement are denied. [d/e 106, 118]**

**2) Defendants Ellinger and Funk's motion for summary judgement is granted pursuant to Fed. R. Civ. P. 56. [d/e 21, 26] The Clerk of the Court is directed to enter judgment in favor of Defendants Ellinger and Funk in accordance with this order. The parties are to bear their own costs**

Enter this 10th day of February, 2006.

s\Harold A. Baker

---

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE