UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

LARRY YOUNG,
    Plaintiff,

vs.                                                                                          03-1273

ROD BLAGOJEVICH, et al.,
    Defendants.

**CASE MANAGEMENT ORDER # 4**

This cause is before the court for consideration of the plaintiff's motion for reconsideration of the February 15, 2006 Court Order denying plaintiff's motions for appointment of counsel and preliminary injunction, and dismissing the plaintiff's case in it's entirety. [d/e 15]

BACKGROUND

The plaintiff originally filed this lawsuit pursuant to 42 U.S.C.§1983 claiming his constitutional rights were violated at Pontiac Correctional Center. On May 26, 2005, the court struck the plaintiff's complaint as a violation of Rule 8 of the Federal Rules of Civil Procedure. *See* May 26, 2005 Court Order. The plaintiff was clearly claiming in his complaint that the defendants were deliberately indifferent to his medical needs when he was denied treatment for a broken arm. However, the plaintiff's complaint provided no information that would indicate personal involvement by any of the named defendants nor was it clear if any other claims were intended.

The court also noted that the claims seemed duplicative of another lawsuit the plaintiff had pending before the court. *See Young v. Birkel*, 03 cv 1362  Therefore, the court provided the plaintiff with nine specific questions to answer to aid the court in deciphering the plaintiff's intended allegations.

The plaintiff failed to follow the court's guidelines and instead continued to make broad accusations without any supporting information or dates to put the defendants on notice of intended claims. In addition, the court stated that in the similar case, *Young v. Birkel*, 03 cv 1362, the same defendants had provided evidence that the plaintiff was repeatedly seen and treated by medical staff. The defendants also provided X-ray reports showing the plaintiff's arm had properly healed. *See Young v. Birkel*, 03 cv 1362, February 10, 2006 Court Order.

Lastly, the courted noted that the plaintiff had filed numerous previous lawsuits in which he had also claimed that he had been denied medical treatment for a broken arm. *See Young v.Gilmore,* 99-cv-1232; *Young v. Dhupelia,* 99-cv-1217; *Young v. Gilmore,*99-1199; *Young v. Dhupelia,* 99-cv 1157.  The court had repeatedly considered this issue and reviewed medical records demonstrating that the plaintiff had received on-going care.

1

The plaintiff's case was dismissed for failure to state a claim upon which relief could be granted and for failure to follow the court's clear direction and provide adequate notice of his claims as required by Rule 8 of the Federal Rules of Civil Procedure. *See* 28 U.S.C. §1915A, Fed. R. Civ. P. 8. In addition, it appeared the plaintiff was attempting to re-litigate claims he had already brought repeatedly before the court.

## MOTION TO RECONSIDER

The plaintiff has now filed a motion to reconsider the court's order. A post-judgment motion seeking substantive relief from a judgment must be made pursuant to either Rule 59 or Rule 60(b) of the Federal Rules of Civil Procedure. A Rule 59(e) motion to alter or amend the judgment must be filed within ten business days of the entry of judgment, and the time period cannot be extended. Fed.R. Civ. P. 6(b); *Hope v. United States*, 43 F.3d 1140, 1143 (7th Cir. 1994), cert. denied, 115 S.Ct. 2558 (1995).

The judgement in this case was entered on February 15, 2006. The court received the plaintiff's motion on the eleventh day, February 27, 2006. Although the plaintiff did not date his motion, the court will assume he provided his motion to prison authorities within the ten day time frame and therefore will consider his motion pursuant to Rule 59(e).

A Rule 59(e) motion "may only be granted if there has been a mistake of law or fact or new evidence has been discovered that is material and could not have been discovered previously." *Figgie Int'l, Inc. v. Miller*, 966 F.2d 1178, 1180 (7th cir. 1992).

The plaintiff is apparently claiming the court engaged in some kind of conspiracy or retaliation or discrimination in denying his motions for appointment of counsel and preliminary injunction and dismissing his case. However, the plaintiff provides no mistake of law or fact or new evidence in support of those allegations. The plaintiff's motion for reconsideration is denied.

**IT IS THEREFORE ORDERED that:**

**The Plaintiff's motion to reconsider the February 15, 2006 order is denied. [d/e 15].**

Enter this 4th day of August, 2006.

s\Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE