United States District Court
Central District of Illinois

Larry Young
  Plaintiff
vs                                          03-1273
Rod Blagojevich  et al
  Defendants

<u>Motion To Reconsideration</u>  <u>Rule 59 or</u>
<u>60(b)</u>  <u>59(e)</u>

Oral Argument Requested

United States District Court
Central District of Illinois

Larry Young
Plantiff
vs
Rod Blagojevich et al
Defendant

03-1273

Motion to Reconsideration  Rule 59(e)
Rule 60(b)

Now Come Plantiff Laney Young had been diagnosed as "Schizophrenic" with "Broken Arm" cause by No Absolute right to Counsel to adequately represent See Merritt v Faulkner 697 F.2d 761,763 (7th cir 1983) The decision For Consideration of February 15 2006 Court Order denying Plantiff's Motion For Appointment of Counsel and Preliminary Injunction, And dismissing the Plantiff's Case improper entirety Local rules which specify important differences from the General Federal Rules Are Unfound in this District Court Rule 8(a)(2) requires That the Complaint have "A Short And Plain Statement of the Claim Showing That The Plantiff is entitled to "relief". A Chronology of events from which "retaliation" show

Plaintiff is making is for the violation of the Eighth Amendment, That is denial of Medical Treatment for a Serious Medical Condition, deliberately and for the purpose of causing punishment and Pain. If there is a Factual dispute, A Motion to dismiss is not the proper procedure to Challenge the Factual Allegations See Young V. Birkel, 03 cv 1362 Therefore. The Complaint "must" be Construed liberally This means that the Fact "must" be Reviewed in the light most Favorable to the Plaintiff, The district Court disregarded Pro se Young's claim That his Substantive due process right were Violated May 20 2002 An Allegation of deprivation of "due process" rights states A Claim Under both procedural And Substantive due process. See Kauth V. Hartford Ins. Co., 852 F. 2d 951,

9 504 H (7aCir 1988) Brown v. Texas A&M Univ. 804 F.2d 327, 336 (5th Cir 1986) Issuing false and unjustified disciplinary charges can amount to a violation of substantive due process if the charges were in "retaliation" for "exercise of constitutional right" This Court is required to review the alleged facts "in the light most favorable." The Court may consider documents which are attached to this "Motion to Reconsideration" See O'Brien v DiGrazia, 344 F.2d 543 (1st Cir 1976) The Court may also consider legal arguments presented as "matters outside the Pleadings." The idea behind this principle is that pleading rules are supposed to facilitate the settlement of disputes by a trial "on the merits" See No. 4-05-0635 in the Appellate Court of Illinois Fourth District attached to Motion to

Reconsideration" Also see Reaves v. Sielaff 382 F. Supp. 472 (E.D. Pa 1974) Rule 59(e) Motion "may only be granted if there has been a mistake of law or fact or new evidence has been discovered that is material and could not have been discovered previously." Figgie Int'l Inc. v. Miller 966 F.2d 1178, 1180 (7th Cir 1992) See Powell v Alabama. 287 U.S. 45 (1932). In the case of Betts v Brady, 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595 (1942). The Court ruled that indigent defendants in "A Non-Capital" case in State Court have no right to appointed counsel, However, in (1963) the Court in Gideon v Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed. 2d 799 (1963) overruled Betts and decided that indigent defendants do have a right to Court-Appointed Counsel. "New evidence" in support Court engaged in coverup. "Conspiracy"

Submitted Larry Young Rose

# Certificate of Service

I hereby Certify that on August 10 2006 I File Notice of Appeal Upon Lisa Madigan Attorney General 500 South Second Street Springfield Illinois 62706 Also Motion to Reconsideration Rule 59(e) Rule 60(b) No. 4-05-0635 Order

*Larry Young*

Date 8-10-06

Larry Young #B01435
Pontiac Correctional Center
P.O Box 99  700 w Lincoln St
Pontiac Illinois  61764



UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS



LARRY YOUNG,
    Plaintiff,

vs.                                              03-1273

ROD BLAGOJEVICH, et al.,
    Defendants.

FILED
AUG 0 4 2006
JOHN M. WATERS
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

## CASE MANAGEMENT ORDER # 4

This cause is before the court for consideration of the plaintiff's motion for reconsideration of the February 15, 2006 Court Order denying plaintiff's motions for appointment of counsel and preliminary injunction, and dismissing the plaintiff's case in it's entirety. [d/e 15]

### BACKGROUND

The plaintiff originally filed this lawsuit pursuant to 42 U.S.C.§1983 claiming his constitutional rights were violated at Pontiac Correctional Center. On May 26, 2005, the court struck the plaintiff's complaint as a violation of Rule 8 of the Federal Rules of Civil Procedure. *See* May 26, 2005 Court Order. The plaintiff was clearly claiming in his complaint that the defendants were deliberately indifferent to his medical needs when he was denied treatment for a broken arm. However, the plaintiff's complaint provided no information that would indicate personal involvement by any of the named defendants nor was it clear if any other claims were intended.

The court also noted that the claims seemed duplicative of another lawsuit the plaintiff had pending before the court. *See Young v. Birkel*, 03 cv 1362. Therefore, the court provided the plaintiff with nine specific questions to answer to aid the court in deciphering the plaintiff's intended allegations.

The plaintiff failed to follow the court's guidelines and instead continued to make broad accusations without any supporting information or dates to put the defendants on notice of intended claims. In addition, the court stated that in the similar case, *Young v. Birkel*, 03 cv 1362, the same defendants had provided evidence that the plaintiff was repeatedly seen and treated by medical staff. The defendants also provided X-ray reports showing the plaintiff's arm had properly healed. *See Young v. Birkel*, 03 cv 1362, February 10, 2006 Court Order.

Lastly, the courted noted that the plaintiff had filed numerous previous lawsuits in which he had also claimed that he had been denied medical treatment for a broken arm. *See Young v. Gilmore*, 99-cv-1232; *Young v. Dhupelia*, 99-cv-1217; *Young v. Gilmore*, 99-1199; *Young v. Dhupelia*, 99-cv 1157. The court had repeatedly considered this issue and reviewed medical records demonstrating that the plaintiff had received on-going care.

1

The plaintiff's case was dismissed for failure to state a claim upon which relief could be granted and for failure to follow the court's clear direction and provide adequate notice of his claims as required by Rule 8 of the Federal Rules of Civil Procedure. *See* 28 U.S.C. §1915A, Fed. R. Civ. P. 8. In addition, it appeared the plaintiff was attempting to re-litigate claims he had already brought repeatedly before the court.

## MOTION TO RECONSIDER

The plaintiff has now filed a motion to reconsider the court's order. A post-judgment motion seeking substantive relief from a judgment must be made pursuant to either Rule 59 or Rule 60(b) of the Federal Rules of Civil Procedure. A Rule 59(e) motion to alter or amend the judgment must be filed within ten business days of the entry of judgment, and the time period cannot be extended. Fed.R. Civ. P. 6(b); *Hope v. United States*, 43 F.3d 1140, 1143 (7th Cir. 1994), cert. denied, 115 S.Ct. 2558 (1995).

The judgement in this case was entered on February 15, 2006. The court received the plaintiff's motion on the eleventh day, February 27, 2006. Although the plaintiff did not date his motion, the court will assume he provided his motion to prison authorities within the ten day time frame and therefore will consider his motion pursuant to Rule 59(e).

A Rule 59(e) motion "may only be granted if there has been a mistake of law or fact or new evidence has been discovered that is material and could not have been discovered previously." *Figgie Int'l, Inc. v. Miller*, 966 F.2d 1178, 1180 (7th cir. 1992).

The plaintiff is apparently claiming the court engaged in some kind of conspiracy or retaliation or discrimination in denying his motions for appointment of counsel and preliminary injunction and dismissing his case. However, the plaintiff provides no mistake of law or fact or new evidence in support of those allegations. The plaintiff's motion for reconsideration is denied.

**IT IS THEREFORE ORDERED that:**

**The Plaintiff's motion to reconsider the February 15, 2006 order is denied. [d/e 15].**

Enter this 4th day of August, 2006.

s\Harold A. Baker

---

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE

2

NO. 4-05-0635

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT


FILED
JUL 14 2006
CLERK OF THE
APPELLATE COURT, 4TH DIST.

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Livingston County |
| LARRY YOUNG, | ) | No. 03CF118 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Harold J. Frobish, |
| | ) | Judge Presiding. |

ORDER

On November 19, 2003, a jury found defendant, Larry Young, guilty of aggravated battery (720 ILCS 5/12-3, 12-4(b)(6) (West 2002)). Young was an inmate at the Illinois Department of Corrections (DOC) at the time of the offense. The trial court sentenced Young to an additional four years' incarceration. Young now appeals from the summary dismissal of his petition for postconviction relief (725 ILCS 5/122-2.1 (West 2002)). Because it appears from the record that Young did not receive meaningful assistance of counsel in either his motion to reconsider sentence or in his direct appeal, we reverse and remand for further proceedings consistent with the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-4 through 122-6 (West 2002)).

I. BACKGROUND

At Young's initial sentencing hearing on February 17, 2004, the trial court admonished Young of his right to appeal his conviction and sentence. Young indicated that he would like to appeal "the whole proceeding" and that he would like a lawyer.

The court indicated that it would "[appoint] the appellate defender of Illinois to represent [Young] on this appeal."

On February 18, 2004, the clerk filed a notice of appeal. Despite this, on February 23, 2004, Young filed a pro se notice of appeal. On February 26, 2004, Young filed a pro se motion for reduction of sentence. The court dismissed the motion by docket entry for lack of jurisdiction. On March 8, 2004, Young filed another pro se motion to reconsider sentence. The motion mentioned Young's medical conditions (alleged schizophrenia and a broken arm), alleged errors that occurred at trial, and argued that the consecutive sentence was improper (though section 5-8-4(f) of the Unified Code of Corrections (730 ILCS 5/5-8-4(f) (West 2002)) mandates that the sentence of an offender committed to DOC at the time of the commission of the offense be served consecutive to the sentence under which he is held by DOC).

On March 17, 2004, the office of the State Appellate Defender (OSAD) filed a motion to dismiss the appeal on the ground that Young's motion to reconsider sentence was still pending. The appellate court granted OSAD's motion the following day. See Official Reports Advance Sheet No. 2 (January 18, 2006), R. 606(b), eff. December 13, 2005 ("any notice of appeal filed before the entry of the order disposing of all pending post-judgment motions [including motions to reconsider sentence] shall have no effect and shall be stricken by the trial court").

On April 12, 2004, the trial court "set Young's matter

- 2 -

for hearing." However, on April 27, 2004, apparently absent any hearing, notice, or benefit of counsel, the court entered an order summarily denying Young's motion to reconsider sentence. Apparently, the court did not provide any admonishments on the ruling and Young did not appeal the denial of his motion to reconsider. Young's counsel did not file a new notice of appeal of his conviction. See Official Reports Advance Sheet No. 2 (January 18, 2006), R. 606(b), eff. December 13, 2005 ("A new notice of appeal must be filed within 30 days following the entry of the order disposing of all timely filed post[]judgment motions").

On July 8, 2005, Young filed a pro se petition for postconviction relief. Among other claims, Young alleged that his constitutional rights were violated due to ineffective assistance of counsel and a deprivation of his right to counsel and due process.

On July 19, 2005, the trial court summarily dismissed the petition, finding it to be frivolous and patently without merit. However, the trial court mistakenly noted that the case was up for appeal and implied that the claims made in the postconviction petition were more appropriate for an appeal of the trial proceedings.

Young now appeals the dismissal of his postconviction petition.

II. ANALYSIS

A circuit court may summarily dismiss a defendant's

- 3 -

petition for postconviction relief only if the petition is "'frivolous or is patently without merit.'" People v. Edwards, 197 Ill. 2d 239, 244, 757 N.E.2d 442, 445 (2001), quoting 725 ILCS 5/122-2.1(a)(2) (West 1998). A petition is frivolous or is patently without merit where the allegations in the petition, taken as true and liberally construed, fail to state the "gist" of a constitutional claim. Edwards, 197 Ill. 2d at 244, 757 N.E.2d at 445. The "gist" standard is a low threshold; the petition need only set forth a limited amount of detail and need not set forth the claim in its entirety. Edwards, 197 Ill. 2d at 244, 757 N.E.2d at 445, citing People v. Gaultney, 174 Ill. 2d 410, 418, 675 N.E.2d 102, 106 (1996). Further, the Act requires that the petition must be supported by affidavits, records, or other evidence supporting its position or the petition must state why such evidence is not attached. Gaultney, 174 Ill. 2d at 418, 675 N.E.2d at 106, citing 725 ILCS 5/122-2 (West 1992).

The State, citing People v. Collins, 202 Ill. 2d 59, 66-67, 782 N.E.2d 195, 198-99 (2002), argues that we must dismiss the petition because Young failed to attach documentation in support of his claims. We disagree; the rationale in Collins does not apply to the present case. In Collins, the court held that the defendant's petition was properly dismissed where the petition failed to comply with the section 122-2 documentation requirements. The court reasoned that compliance with section 122-2 would ensure that the allegations contained in the petition were capable of "objective or independent corroboration."

Collins, 202 Ill. 2d at 67, 782 N.E.2d at 199. In the present case, Young's sixth-amendment claim as argued in the appellate brief is corroborated by court transcripts, recorded documents, and the court's docket.

Young's petition alleges vague claims of "ineffective assistance." It also alleges a "constitutional violation of his right to counsel and a violation of due process" but does not elaborate further. On appeal, OSAD clarifies that Young was denied his sixth-amendment right to counsel in a "critical stage" of his criminal proceeding, the preparation and hearing of his motion to reconsider sentence. Whether this claim, in conjunction with a general ineffective-assistance claim, should survive a summary dismissal becomes the sole question on appeal. Our review of this matter is de novo. See Edwards, 197 Ill. 2d at 247, 757 N.E.2d at 447.

A motion to reconsider sentence is a "critical stage" of the criminal proceedings, entitling the defendant to the appointment of counsel. People v. Brasseaux, 254 Ill. App. 3d 283, 288, 660 N.E.2d 1321, 1324-25 (1996). The Fourth District has upheld the Brasseaux rule on at least two occasions. See, for example, People v. Bailey, 364 Ill. App. 3d 404, 408, 846 N.E.2d 147, 150 (2006) (Fourth District); People v. Williams, 358 Ill. App. 3d 1098, 1105, 833 N.E.2d 10, 16 (2005) (Fourth District).

It appears from the record in the present case that Young was not appointed counsel to help in preparing his motion

- 5 -

to reconsider sentence.  This was most likely because Young already had an appeal pending.

Regardless, at the initial sentencing hearing, Young indicated that he wanted help in appealing his conviction and sentence.  The docket indicates that Young's appellate counsel performed only one significant act: filing a motion to dismiss Young's appeal on the ground that Young's motion to reconsider sentence was still pending.  The record does not indicate that Young's counsel reviewed or amended Young's motion to reconsider sentence.  Moreover, Young's appellate counsel did nothing to reinstate the appeal of his conviction following the dismissal of Young's motion to reconsider, despite the fact that Young's motion to reconsider contained many claims more appropriate for an appeal of his conviction than an appeal of his sentence.  Hence, Young was denied meaningful assistance of counsel in his motion to reconsider and in his appeal.

We consider the State's argument that defendant cannot show he was denied his right to counsel where his motion to reconsider sentence had no merit.  The court in <u>Bailey</u> found that counsel's failure to file a motion to reconsider sentence would not amount to <u>per se</u> ineffective assistance of counsel where no basis to file such a motion existed.  <u>Bailey</u>, 364 Ill. App. 3d at 408, 846 N.E.2d at 150.  Unlike <u>Bailey</u>, assisting with the motion to reconsider in the instant case cannot be considered "discretion[ary]."  <u>Bailey</u>, 364 Ill. App. 3d at 408, 846 N.E.2d at 150.  Here, OSAD moved to dismiss the appeal on the ground that

- 6 -

Young's motion to reconsider sentence was pending. OSAD failed to reinstate Young's appeal. Therefore, OSAD affirmatively created a situation wherein Young's claims on appeal depended on the success of Young's motion to reconsider sentence.

Accordingly, Young's petition should advance to the second stage of the postconviction proceedings, wherein Young's appointed counsel will have the opportunity to amend his petition.

### III. CONCLUSION

For the forgoing reasons, we reverse the trial court's summary dismissal of Young's postconviction petition and remand for further proceedings consistent with the Act.

Reversed and remanded.

COOK, J., with TURNER, P.J., and MYERSCOUGH, J., concurring.