UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

LARRY YOUNG,
    Plaintiff,

vs.                                                                                   03-1273

ROD BLAGOJEVICH, et al.,
    Defendants.

**CASE MANAGEMENT ORDER # 5**

This cause is before the court for consideration of the plaintiff's second motion for reconsideration of the February 15, 2006 Court Order denying plaintiff's motions for appointment of counsel and preliminary injunction, and dismissing the plaintiff's case in it's entirety. [d/e 27]

A post-judgment motion seeking substantive relief from a judgment must be made pursuant to either Rule 59 or Rule 60(b) of the Federal Rules of Civil Procedure. The plaintiff's motion cites both rules. However, since the plaintiff filed his motion several months after judgement, his only basis for relief must be Rule 60 of the Federal Rules of Civil Procedure. *See Charles v. Daley*, 799 F.2d 343, 347 (7th Cir. 1986); *Western Industries, Inc. v. Newcor Canada Limited*, 709 F.2d 16, 17 (7th Cir. 1983).

A motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b) "permits a party to seek relief from judgment on the grounds of mistake, inadvertence, excusable neglect, newly discovered evidence, and fraud." *American Federation of Grain Millers, Local 24 v. Cargill Inc.*, 15 F.3d 726, 728 (7th Cir. 1994). Such relief is warranted "only upon a showing of extraordinary circumstances that create a substantial danger that the underlying judgment was unjust." *Margoles v. Johns,* 798 F.2d 1069, 1073 (7th Cir. 1986).

The court struck the plaintiff's original complaint as a violation of Rule 8 of the Federal Rules of Civil Procedure. *See* May 26, 2005 Court Order. The plaintiff was claiming that the defendants were deliberately indifferent to his medical needs when he was denied treatment for a broken arm. However, the plaintiff's complaint provided no information that would indicate personal involvement by any of the named defendants nor was it clear if any other claims were intended.

The court also noted that the claims seemed duplicative of another lawsuit the plaintiff had pending before the court. *See Young v. Birkel*, 03 cv 1362  Therefore, the court provided the plaintiff with nine specific questions to answer to aid the court in deciphering the plaintiff's intended allegations.

The plaintiff failed to follow the court's guidelines and instead continued to make broad accusations without any supporting information or dates to put the defendants on notice of

intended claims.  In addition, the court stated that in the similar case, *Young v. Birkel*, 03 cv 1362, the same defendants had provided evidence that the plaintiff was repeatedly seen and treated by medical staff.  The defendants also provided X-ray reports showing the plaintiff's arm had properly healed. *See Young v. Birkel*, 03 cv 1362, February 10, 2006 Court Order.

The plaintiff now states that the "court disregarded pro se Young's claim that his substantive due process rights were violated May 20, 2002." (Plain. Mot, p. 3)   The plaintiff made no reference to a due process claim in his response to the court's order attempting to help the plaintiff more clearly state his claims. [d/e 13].  In addition, the plaintiff has even failed to state a clear due process claim in his motion for reconsideration.  The plaintiff has pointed to no other mistake, inadvertence, excusable neglect or other evidence to convince the court to reconsider its February 15, 2006 Court Order.  The plaintiff's motion for reconsideration is denied.

**IT IS THEREFORE ORDERED that:**

**The Plaintiff's second motion to reconsider the February 15, 2006 order is denied. [d/e 27].**

Enter this __2nd_____ day of October, 2006.

**s\Harold A. Baker**

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE