E-FILED
Tuesday, 10 October, 2006 02:37:41 PM
Clerk, U.S. District Court, ILCD

United States District Court
Central District of Illinois

RECEIVED

OCT 10 2006

JOHN M. WATERS, CLERK
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Larry Young
Plaintiff

FILED
OCT 10 2006

03-1273

VS

Rod Blagojevich

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Motion Consolidated
Motion Re Open
Motion Reconsideration Fed Rules of Civil Pro.
Rule 42 59 60(b)

Larry Young Pro Se
Pontiac Correctional Center
P.O Box 99  700 w Lincoln st
Pontiac Illinois 61764

ORAL ARGUMENT REQUESTED

UNITED STATES DISTRICT COURT
Central District of Illinois

FILED
OCT 10 2006
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Larry Young
  Plaintiff

VS

ROD BLAGOJEVICH et al
  Defendants

RECEIVED 3
OCT 10 2006
JOHN M. WATERS, CLERK
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Motion To Consolidated And
Motion For Reconsideration And
Motion To Reopen Rule 42
59  60(b)

NOW COME PLAINTIFF Larry Young had "been diagnosed
Schrophrenic with Broken Arm, Broken Hip and
Was receiving "SSI" (Supplemental Security income)
for the conditions And pursuant to Federal
Rules of Civil Procedure Rule 42. Consolidation
Move this Honorable Court to Reopen And
Reconsider pending Order befoe the Appeal From
Circuit Court of Livingston County  No 03 CF 118
In Support thereof Plaintiff State As
follows  1. The Plaintiff's Now Grounds
Rule 59. A New Trial May be granted
Seek Substantive relief Rule 59 or Rule 60(b)

To ALL or Any of The Parties And on ALL or part
of The Issues Now States then the "Court"
disregarded pro se Young's Claim That his Pro se
"Substantive" due process right were VIOLATED
"MAY 20, 2002" (Plain Mot P.3) See NO.
4-05-6635 In The Appellate Court of Illinois
Fourth District, Appeal from Circuit Court of
Livingston County No 03CF118 The Trial
Court improperly Dismissed Young's Post-
Conviction relief his Constitutional rights
were Violated about MAY 20 2002 ① In AN
Action in which THERE has been A TRIAL
by Jury, For Any of The Reason For which new
Trials have here to fore been granted In Action
At Law In The Courts of the United States
About MAY 20 2002 ② In Action on November
19 2003, A Jury found Plaintiff Larry Young
defendant guilty of Aggravated battery
720 ILCS 5/12-3, 12-4 ⓑ ⑥ See "ORDER"
filed July 14 2006 Appeal from Circuit Court
of Livingston County NO. 03 CF 118 Rule 60
Relief from Judgment or ORDER This rule does
not limit the Power of A Court To enter-
tain An independent Action To relieve
A Party from CASE MANAGEMENT ORDERS
Also The Plaintiff's Second Motion For reconsideration

of the February 15 2006 Court Order denying Plaintiff's Motions for Appointment of Counsel and preliminary Injunction And Newly discovered evidence which by due diligence could not have been discovered in time to move for New trial "Relief" from it's entirely Plaintiff Larry young seeks damages Arising from May 20 2002 a Conspiracy orchestrating a Cover-up facts indicating that these individuals Defendants Came to a "Meeting of the Minds" Concerning Unconstitutional Conduct the Plaintiff Now States that the "Court disregarded pro se young claim that his substantive due process rights were violated May 20 2002 that People v young from Livingston County Case No. 03 CF 118 at hearing on the Appellate Court Order decision which rendered in the Plaintiff "FAVOR" for Rule 43 Federal of Civil Procedure for Motion Consolidated Re Open Young v Birkel 03 cv 1362 Consolidated lead Case Larry young v So Burber So Cramer Case No. 02-1408 it May Order A Joint hearing or trial of Any or All the Matter in Issue in these Actions it May ORDER Rule 42 (a) Consolidation Concerning proceeding

That Plaintiff has Show Sufficient Facts to give rise to a Claim For The Violation of his Eighth Amendment right To be "free" From "Cruel and Unusual Punishment" Plaintiff has show Sufficient Facts To State A Claim of Conspiracy Wherefore For The Fore going Reasons, Plaintiff respectfully request This Honorable Court to grant his Motion Consolidated or Alternatively To reconsider Motion Reconsideration An Motion Re Open on ORDER Appeal From Circuit Court Livingston County No. 63 CF 118 in the Appellate Court of Illinois Fourth District This "False" Statement was used to find Plaintiff "guilty" of An Aggravated battery About May 20 2002

Respectfully Submitted.

Larry Young #B01435
Pontiac Correctional Center
P.O Box 99 700 w Lincoln's

Dat 10-4-06

## CERTIFICATE of SERVICE

I LARRY YOUNG hereby Certifies the he
Served a Copy of The foregoing Motion
Consolidated Motion Reopen Motion Reconsideration
Notice of Appeal with ORDER Support Upon
Lisa Madigan Attorney General 500 Second
Street Springfield Illinois 62706

LARRY YOUNG #B01435
Pontiac Correctional Center
P.O.Box 99 700 W Lincoln St
Pontiac Illinois 61764

10-5-06

**E-FILED**
Monday, 02 October, 2006  11:13:14 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

LARRY YOUNG,
    Plaintiff,

vs.                                                03-1273

ROD BLAGOJEVICH, et al.,
    Defendants.

**CASE MANAGEMENT ORDER # 5**

This cause is before the court for consideration of the plaintiff's second motion for reconsideration of the February 15, 2006 Court Order denying plaintiff's motions for appointment of counsel and preliminary injunction, and dismissing the plaintiff's case in it's entirety. [d/e 27]

A post-judgment motion seeking substantive relief from a judgment must be made pursuant to either Rule 59 or Rule 60(b) of the Federal Rules of Civil Procedure.        The plaintiff's motion cites both rules.  However, since the plaintiff filed his motion several months after judgement, his only basis for relief must be Rule 60 of the Federal Rules of Civil Procedure. *See Charles v. Daley,* 799 F.2d 343, 347 (7th Cir. 1986); *Western Industries, Inc. v. Newcor Canada Limited,* 709 F.2d 16, 17 (7th Cir. 1983).

A motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b) "permits a party to seek relief from judgment on the grounds of mistake, inadvertence, excusable neglect, newly discovered evidence, and fraud." *American Federation of Grain Millers, Local 24 v. Cargill Inc.,* 15 F.3d 726, 728 (7th Cir. 1994).   Such relief is warranted "only upon a showing of extraordinary circumstances that create a substantial danger that the underlying judgment was unjust." *Margoles v. Johns,* 798 F.2d 1069, 1073 (7th Cir. 1986).

The court struck the plaintiff's original complaint as a violation of Rule 8 of the Federal Rules of Civil Procedure. *See* May 26, 2005 Court Order. The plaintiff was claiming that the defendants were deliberately indifferent to his medical needs when he was denied treatment for a broken arm.  However, the plaintiff's complaint provided no information that would indicate personal involvement by any of the named defendants nor was it clear if any other claims were intended.

The court also noted that the claims seemed duplicative of another lawsuit the plaintiff had pending before the court. *See Young v. Birkel,* 03 cv 1362  Therefore, the court provided the plaintiff with nine specific questions to answer to aid the court in deciphering the plaintiff's intended allegations.

The plaintiff failed to follow the court's guidelines and instead continued to make broad accusations without any supporting information or dates to put the defendants on notice of

1

intended claims.  In addition, the court stated that in the similar case, *Young v. Birkel*, 03 cv 1362, the same defendants had provided evidence that the plaintiff was repeatedly seen and treated by medical staff.  The defendants also provided X-ray reports showing the plaintiff's arm had properly healed. *See Young v. Birkel*, 03 cv 1362, February 10, 2006 Court Order.

The plaintiff now states that the "court disregarded pro se Young's claim that his substantive due process rights were violated May 20, 2002." (Plain. Mot, p. 3)   The plaintiff made no reference to a due process claim in his response to the court's order attempting to help the plaintiff more clearly state his claims. [d/e 13].   In addition, the plaintiff has even failed to state a clear due process claim in his motion for reconsideration.  The plaintiff has pointed to no other mistake, inadvertence, excusable neglect or other evidence to convince the court to reconsider its February 15, 2006 Court Order.  The plaintiff's motion for reconsideration is denied.

**IT IS THEREFORE ORDERED that:**

 **The Plaintiff's second motion to reconsider the February 15, 2006 order is denied. [d/e 27].**

Enter this __2nd_____ day of October, 2006.

**s\Harold A. Baker**

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE

2



NO. 4-05-0635

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Livingston County |
| LARRY YOUNG, | ) | No. 03CF118 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Harold J. Frobish, |
| | ) | Judge Presiding. |

---

ORDER

On November 19, 2003, a jury found defendant, Larry Young, guilty of aggravated battery (720 ILCS 5/12-3, 12-4(b)(6) (West 2002)). Young was an inmate at the Illinois Department of Corrections (DOC) at the time of the offense. The trial court sentenced Young to an additional four years' incarceration. Young now appeals from the summary dismissal of his petition for postconviction relief (725 ILCS 5/122-2.1 (West 2002)). Because it appears from the record that Young did not receive meaningful assistance of counsel in either his motion to reconsider sentence or in his direct appeal, we reverse and remand for further proceedings consistent with the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-4 through 122-6 (West 2002)).

I. BACKGROUND

At Young's initial sentencing hearing on February 17, 2004, the trial court admonished Young of his right to appeal his conviction and sentence. Young indicated that he would like to appeal "the whole proceeding" and that he would like a lawyer.

The court indicated that it would "[appoint] the appellate
defender of Illinois to represent [Young] on this appeal."

On February 18, 2004, the clerk filed a notice of
appeal. Despite this, on February 23, 2004, Young filed a pro se
notice of appeal. On February 26, 2004, Young filed a pro se
motion for reduction of sentence. The court dismissed the motion
by docket entry for lack of jurisdiction. On March 8, 2004,
Young filed another pro se motion to reconsider sentence. The
motion mentioned Young's medical conditions (alleged
schizophrenia and a broken arm), alleged errors that occurred at
trial, and argued that the consecutive sentence was improper
(though section 5-8-4(f) of the Unified Code of Corrections (730
ILCS 5/5-8-4(f) (West 2002)) mandates that the sentence of an
offender committed to DOC at the time of the commission of the
offense be served consecutive to the sentence under which he is
held by DOC).

On March 17, 2004, the office of the State Appellate
Defender (OSAD) filed a motion to dismiss the appeal on the
ground that Young's motion to reconsider sentence was still
pending. The appellate court granted OSAD's motion the following
day. See Official Reports Advance Sheet No. 2 (January 18,
2006), R. 606(b), eff. December 13, 2005 ("any notice of appeal
filed before the entry of the order disposing of all pending
post-judgment motions [including motions to reconsider sentence]
shall have no effect and shall be stricken by the trial court").

On April 12, 2004, the trial court "set Young's matter

- 2 -

for hearing."  However, on April 27, 2004, apparently absent any hearing, notice, or benefit of counsel, the court entered an order summarily denying Young's motion to reconsider sentence. Apparently, the court did not provide any admonishments on the ruling and Young did not appeal the denial of his motion to reconsider.  Young's counsel did not file a new notice of appeal of his conviction.  See Official Reports Advance Sheet No. 2 (January 18, 2006), R. 606(b), eff. December 13, 2005 ("A new notice of appeal must be filed within 30 days following the entry of the order disposing of all timely filed post[]judgment motions").

On July 8, 2005, Young filed a pro se petition for postconviction relief.  Among other claims, Young alleged that his constitutional rights were violated due to ineffective assistance of counsel and a deprivation of his right to counsel and due process.

On July 19, 2005, the trial court summarily dismissed the petition, finding it to be frivolous and patently without merit.  However, the trial court mistakenly noted that the case was up for appeal and implied that the claims made in the postconviction petition were more appropriate for an appeal of the trial proceedings.

Young now appeals the dismissal of his postconviction petition.

## II. ANALYSIS

A circuit court may summarily dismiss a defendant's

- 3 -

petition for postconviction relief only if the petition is
"'frivolous or is patently without merit.'"  People v. Edwards,
197 Ill. 2d 239, 244, 757 N.E.2d 442, 445 (2001), quoting 725
ILCS 5/122-2.1(a)(2) (West 1998).  A petition is frivolous or is
patently without merit where the allegations in the petition,
taken as true and liberally construed, fail to state the "gist"
of a constitutional claim.  Edwards, 197 Ill. 2d at 244, 757
N.E.2d at 445.  The "gist" standard is a low threshold; the
petition need only set forth a limited amount of detail and need
not set forth the claim in its entirety.  Edwards, 197 Ill. 2d at
244, 757 N.E.2d at 445, citing People v. Gaultney, 174 Ill. 2d
410, 418, 675 N.E.2d 102, 106 (1996).  Further, the Act requires
that the petition must be supported by affidavits, records, or
other evidence supporting its position or the petition must state
why such evidence is not attached.  Gaultney, 174 Ill. 2d at 418,
675 N.E.2d at 106, citing 725 ILCS 5/122-2 (West 1992).

The State, citing People v. Collins, 202 Ill. 2d 59,
66-67, 782 N.E.2d 195, 198-99 (2002), argues that we must dismiss
the petition because Young failed to attach documentation in
support of his claims.  We disagree; the rationale in Collins
does not apply to the present case.  In Collins, the court held
that the defendant's petition was properly dismissed where the
petition failed to comply with the section 122-2 documentation
requirements.  The court reasoned that compliance with section
122-2 would ensure that the allegations contained in the petition
were capable of "objective or independent corroboration."

- 4 -

Collins, 202 Ill. 2d at 67, 782 N.E.2d at 199. In the present case, Young's sixth-amendment claim as argued in the appellate brief is corroborated by court transcripts, recorded documents, and the court's docket.

Young's petition alleges vague claims of "ineffective assistance." It also alleges a "constitutional violation of his right to counsel and a violation of due process" but does not elaborate further. On appeal, OSAD clarifies that Young was denied his sixth-amendment right to counsel in a "critical stage" of his criminal proceeding, the preparation and hearing of his motion to reconsider sentence. Whether this claim, in conjunction with a general ineffective-assistance claim, should survive a summary dismissal becomes the sole question on appeal. Our review of this matter is de novo. See Edwards, 197 Ill. 2d at 247, 757 N.E.2d at 447.

A motion to reconsider sentence is a "critical stage" of the criminal proceedings, entitling the defendant to the appointment of counsel. People v. Brasseaux, 254 Ill. App. 3d 283, 288, 660 N.E.2d 1321, 1324-25 (1996). The Fourth District has upheld the Brasseaux rule on at least two occasions. See, for example, People v. Bailey, 364 Ill. App. 3d 404, 408, 846 N.E.2d 147, 150 (2006) (Fourth District); People v. Williams, 358 Ill. App. 3d 1098, 1105, 833 N.E.2d 10, 16 (2005) (Fourth District).

It appears from the record in the present case that Young was not appointed counsel to help in preparing his motion

- 5 -

to reconsider sentence.  This was most likely because Young
already had an appeal pending.

Regardless, at the initial sentencing hearing, Young
indicated that he wanted help in appealing his conviction and
sentence.  The docket indicates that Young's appellate counsel
performed only one significant act: filing a motion to dismiss
Young's appeal on the ground that Young's motion to reconsider
sentence was still pending.  The record does not indicate that
Young's counsel reviewed or amended Young's motion to reconsider
sentence.  Moreover, Young's appellate counsel did nothing to
reinstate the appeal of his conviction following the dismissal of
Young's motion to reconsider, despite the fact that Young's
motion to reconsider contained many claims more appropriate for
an appeal of his conviction than an appeal of his sentence.
Hence, Young was denied meaningful assistance of counsel in his
motion to reconsider and in his appeal.

We consider the State's argument that defendant cannot
show he was denied his right to counsel where his motion to
reconsider sentence had no merit.  The court in Bailey found that
counsel's failure to file a motion to reconsider sentence would
not amount to per se ineffective assistance of counsel where no
basis to file such a motion existed.  Bailey, 364 Ill. App. 3d at
408, 846 N.E.2d at 150.  Unlike Bailey, assisting with the motion
to reconsider in the instant case cannot be considered "dis-
cretion[ary]."  Bailey, 364 Ill. App. 3d at 408, 846 N.E.2d at
150.  Here, OSAD moved to dismiss the appeal on the ground that

- 6 -

Young's motion to reconsider sentence was pending. OSAD failed
to reinstate Young's appeal. Therefore, OSAD affirmatively
created a situation wherein Young's claims on appeal depended on
the success of Young's motion to reconsider sentence.

Accordingly, Young's petition should advance to the
second stage of the postconviction proceedings, wherein Young's
appointed counsel will have the opportunity to amend his
petition.

### III. CONCLUSION

For the forgoing reasons, we reverse the trial court's
summary dismissal of Young's postconviction petition and remand
for further proceedings consistent with the Act.

Reversed and remanded.

COOK, J., with TURNER, P.J., and MYERSCOUGH, J.,
concurring.

THE LAW OFFICE
OF
, RANDELL  S.  MORGAN

ATTORNEY AT LAW
104 EAST  MADISON  STREET,
PONTIAC, IL 61764     (815) 844-4400
FAX NUMBER --  (815) 844-4314

August 22, 2006

Mr. Larry Young, Inmate#B01435
Pontiac Correctional Center
P.O. Box 99
Pontiac, IL  61764

   RE: People v. Young
      Livingston County case no.  03-CF-118

Dear Mr. Young:

I am the Public Defender of Livingston County appointed to represent you in your case.  At hearing on the Appellate Court decision which was rendered in your favor, the Court decided to grant your request concerning having a Motion to Reconsider your sentence.  Therefore, a new Motion for Reconsideration of Sentence can be filed, the Court will grant you a hearing on your Motion, and then you will have 30 days from the day of that hearing to file an appeal of your case.

Please forward to me a letter advising as to why you believe your sentence was incorrect and why the Court's should change that sentence.  I will then use that information to prepare an Amended Motion for Reconsideration of you sentence.

Thank you.

Very truly yours,

Randell S. Morgan
Attorney at Law

RSM/th